The United States District Court
For The Southern District Of Texas
Houston Division

---

Maga Usgolv = Sagonige Saloli, §
A/K/A Mark A. Munoz Sr., §
    Plaintiff, §     4:20-cv-3989
§
v. §
§     Civil Action No. _____
Bryan Collier, Executive Director §
   TDCJ-CID, §
Felipe Gonzalez Jr. (TDCJ-CID) §     Complaint
   C.T. Terrell Unit Head Warden, §
Anthony Patrick Sr (TDCJ-CID) §
   C.T. Terrell Unit Assistant Warden, §
Vicente Rodriguez (TDCJ-CID) §
   C.T. Terrell Unit C.O. Sargeant, §
Individually and in their Official §
   capacities §

---

## I. Jurisdiction & Venue

1. This civil action authorized by 42 USC Section 1983 to redress the deprivation under the color of State Law of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 USC 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Court has supplemental jurisdiction over Plaintiffs State Law claims under 28 USC Section 1367.

2. The Southern District of Texas, Houston Division 515 Rusk Street / P.O.B 61010 Houston Texas 77208 is the appropriate Venue under 28 USC Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II Plaintiffs

3. Plaintiff Maga Usgolv = Sagonige Saloli A/K/A Mark A. Munoz Sr. is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Corrections. He is currently Confined in the Eastham Unit, in Lovelady, Texas 75851, 2665 Prison Road One.

Page 1

## III Defendants

4. Defendant, Bryan Collier is the Executive Director of the State of Texas Department of Corrections. He is legally responsible for the overall operations of the Department and each institution under his jurisdiction including the C.T. Terrell Unit and the Eastham units.

5. Defendant Felipe Gonzalez Jr is the Head Warden of the C.T. Terrell Unit. He is legally responsible for the operations of the C.T. Terrell unit (TDCJ-CID) and the welfare of all its inmates that are confined to that unit.

6. Defendant Anthony Patrick Sr is the Assistant Warden of the (TDCJ-CID) C.T. Terrell Unit. He is legally responsible for operations of the (TDCJ-CID) C.T. Terrell Unit and the welfare of all the inmates in that prison unit.

7. Defendant Vicente Rodriguez is a Correctional Officer at the State of Texas Department of Criminal Justice who at all times mentioned in this complaint held the rank of Sargeant and was assigned to (TDCJ-CID) C.T. Terrell Unit.

8. Each Defendant is being sued individually and in his Official capacity at all times mentioned in this complaint each defendant acted under the Color of State law.

## IV Facts

9. Defendants deprived the Plaintiff of his Constitutional rights to the freedom to free exercise of religion and free speech as a Native American adherent to the Native American religion that the Plaintiff was taught at the age of three years old by his Native American grandparents. Plaintiff has been confined to the TDCJ-CID since 21 October 2014 and is serving a 30 year sentence. Plaintiff has been a sincerly devoted adherent and has a wide and extensive knowledge of the Cherokee language and ways of life and holds on to his religious tenets of prayer, meditation, ceremonies. Plaintiff lives by his tenets, especially his that his hair is forbidden from cutting his hair which is considered sacred manifestion given to him by his Creator which can only be put upon the death of a close family member when in mourning for that loved one in which the cut braid is put with the deceased body to take to the spirit world.

10. The Defendants denied the Plaintiff his religious rights to practice his Native American religion and live by his tenets to grow out his hair as a part of his religious beliefs. The Defendants used the TDCJ-CID Grooming policy to enforce and coerce the Plaintiff to deny his religious beliefs in order to comply

Page 2

with the TDCJ grooming standards which substantially burden the Plaintiffs religious rights to free exercise and freedom of Religious expression as a Native American. The Defendants have penalized the Plaintiff with many disciplinary sanctions and then transferred the Plaintiff to a more dangerous prison as a penalty for exercising his Constitutional rights as to using the TDCJ Grievance system and petitioning the Courts. The Defendants have intentionally inflicted emotional distress and conspiracy to commit the same and intentional fraud intentional misrepresentation and fraudulent inducement.

11. (a) In Exhibit A (1)-(2) is a copy of a Step I grievance which Plaintiff Muñoz wrote on Defendant Patrick about his conduct towards the Plaintiff in a religious discriminatory way which was answered by Head Warden Gonzalez then conspired to cover up by saying that the incident never happened at all which refers to Exhibit D in which the Defendant Patrick had the Plaintiff Locked up in Ad-Seg for 16 days which violated Department Policy in the TDCJ Disciplinary Rules and Procedures for Offenders (GR-106 February 2015) Section II Prehearing Detention Subsection A 1-3, B 1-3, C 1-2, D Classified as Exhibit I (1)-(2).

(b) In Exhibit B (1)-(2) is Plaintiffs Step II Grievance which went to Huntsville Grievance Program Region I Administrative Review and Risk Management Division Region I Directors Office which was denied by a Timothy C. Jones Deputy Director of Religious Services.

(c) In Exhibit C is a disciplinary case that was imposed on the Plaintiff for his expressing his religious beliefs inside his cubicle which is where the Plaintiff was housed at the time. Defendants C.O Windmyers, C.O II claimed to have confiscated all the articles in the Plaintiffs cubicle, but upon the hearing of this major case against the Plaintiff, the Defendants could not produce the items that were of religious significance to the Plaintiff.

(d) In Exhibit E is a disciplinary Case against the Plaintiff further showing substantial burden on the Plaintiffs religious expression and exercise which resulted in Plaintiff being locked up in Ad seg for his religious beliefs. which Caused the Plaintiff to miss participation in his religious ceremonies for the Sacred pipe ceremony which is of significant relevance to the Plaintiffs religious practices, of being able to assemble with other Native Americans inter alia.

(e) In Exhibit F is a case that Defendant Sergeant Rodriguez wrote the Plaintiff, out of retaliation for writing a grievance on Defendant Rodriguez's conduct towards the Plaintiff for a TDCJ P.D. 22.22b Harassing or retaliation against an Offender for participating in an Official Investigation or retaliation against for Inquiry or for pursuing Legal Activities Such as petition the Courts a Level I Violation which is the most Serious Offense for an employee of TDCJ which was filed in the Plaintiffs Step I grievance No 2019165863 which was returned to the Plaintiff with only the statement No Officials Signature on the 20 Aug 2019. Plaintiff then wrote a Step II Grievance in which was denied by M. Lewandowski in the Huntsville Grievance Office upon return to the Plaintiff the Step I was signed by Defendant Gonzalez's signature and was dated 12/05/19 in order to prevent the overturning of this case because of procedural due process violations within TDCJ-CID.

Page 3

(f) In Exhibit G is another case in which Defendant Rodriguez wrote another case on May 19, 2019 in which these two cases Exhibit F and G were used with along with Defendant Patrick's recommendation that the Plaintiff be shipped to a more dangerous Unit the Eastham Unit in Livingston (LoveLady Tx,)Tx where the guards have beaten up on the inmates, the inmates set fires in there cells or on the runs. In which Plaintiff was at a minimum security unit (The C.T. Terrell Unit was a more calmer unit and was where the Plaintiff was able to attend Native American services in which the Eastham Unit has only Christian services No Native American services. Which is a very substantial burden on the Plaintiffs Rehabilitation in which is TDCJ claims to be a principal part of the Rehabilitation Programs Division which includes Religious Programs. TDCJ-CID discriminates the Native Americans here in TDCJ-CID because it restricts Greatly how Native Americans practice their religious customs and traditions. Because it only allows G-2 offenders to enter the program where the Christian services is open to all offenders which is a substantial burden on all Native Americans confined to the TDCJ-CID prison system.

(G) Exhibit D is also a disciplinary case in connection with Exhibit A (1), (2) because this case was written on Defendant Patricks request that the Plaintiff be placed in Ad-Seg in Pre-hearing detention for creating a disturbance in the hallway which the plaintiff was never charged with that offense. When Plaintiff wrote TDCJ-CID, grievance step I Defendant Gonzalez Jr Denied the grievance in which his statement was " There was no evidence found to support your claim of staff misconduct. Staff denied your allegation and the incident you mentioned in your grievance revealed that staff were performing their assigned duties ensuring that you complied with the rules and that Security of the unit of the unit was maintained. in Exhibit A(1)(2), (3)(4)-which are Ad-seg Confinement Records which do not state that the Plaintiff was not a security threat to the unit as which would been listed in the Security Precaution Designators Area on the form. AS per A.D: 04.11

## V Exhaustion Of Legal Remedies

12. Plaintiff Munoz used the prison grievance procedure available at (TDCJ-CID) C.T. Terrell Unit to try and solve the problem. On 5th of June 2019 Plaintiff Munoz was sent a StepI grievance and Plaintiff Munoz was sent presented the facts related to his complaint. On 1st of July 2019 Plaintiff was sent a response that his grievance was denied, by Defendant Gonzalez On 1 July 2019, Plaintiff appealed the denial of the grievance with a Step II, which on 28 Aug 2019, Plaintiff recieved the response of the StepII was denied. According to the TDCJ. Offenders handbook I-202 (Rev February 2017) There are only two steps to the grievance process Step I and Step II is the final decision in the process

Page 4

# VI Legal Claims

13) Plaintiff realleae and incorporate by reference paragraphs 1-12.

14) The Freedom of Worship through religious discrimination violated Plaintiff Munoz's rights and constituted through the Texas Constitution's Article I - Bill of Rights subsection ie Freedom of Worship that All men have a natural and indefeasible right to worship the almighty God. According to the dictates of their own consciences No man shall be compelled to attend, erect, or support any place of worship or to maintain any ministry against his consent. No Human Authority ought in any way, whatsoever to control or interfere with the rights of conscience in matters of religion and no preference shall ever be given by Law to any religious society or mode of worship But it shall be the Duty of the Legislature to pass such Laws as they may be necessary to protect equality every religious domination in the peaceable enjoyment of its own mode public Worship.

15) The Government Agency TDCJ-CID that substantially burdens a persons free exercise of religion violated Plaintiff Munoz's rights and constituted imposing a substantial burden on the Plaintiffs protected religious freedom to grow out his long hair and have it braded as to his Native American tenets as a Native American Adherent under the Texas Religious Freedom and Restoration Act (T.R.F.R.A.) under V.T.C.A. Government Code $493.023.

16) The TDCJ-CID Grooming Policy violates the Plaintiff Munoz's rights and constituted a substantial burden and its interference with sacred religious ceremonies and practices and violates Plaintiff's Constitutional Amendments of the First, and Fourteenth Amendment, RLUIPA to the United States Constitution. Under the section 3 of RLUIPA the Supreme Court has declared RLUIPA to be constitutionally under the Establishment Clause. 42 USC $2000cc et seq.

17) The deprivation of any of its rights, privileges or immunities secured by the Constitution and Laws shall be liable to the the injuried Plaintiff Munoz in an action of Lawsuit, in equity, or proper proceedings for redress. State Officials may be sued for monetary damages in their personal capacities cognizable 1983 claim against officers in individual capacities because officials not entitled to Qualified Immunity when a reasonable official would have understood that what they were doing violated the First and Fourteenth Amendment, The Texas Constitution, Bill of Rights, The Texas Religious Freedom and Restoration Act.

18) The denial of the Defendants Grooming Policy violates Plaintiff Munoz's constitutional rights that affect the hair length

policy restriction. First, to wear ones hair long is an expressive or communicative activity to Native American with regard to the performance of ceremonial dances and it is protected by the First Amendment free speech clause. It has long been known that long hair in Native American culture and tradition is rich in symbolic meanings.

19.) The TDCJ Grooming policy violates Plaintiff Munez's Fourteenth Amendment guarantee to equal treatment in expression of Plaintiffs free exercise of religion inter alia, which the Fourteenth Amendment mandates similar treatment under the law for those who are similarly situated.

20.) The Religious Land Use and Institutionalized Persons Act of 2000 - 42 USC §2000 cc et. seq - merely accommodates and protects the free exercise of religion which the Constitution allows and lifts the burdens put on religious worship that institutions like TDCJ-CID without affording corresponding protection to secular activities or to non religious prisoners.

21.) Derived from §1 of the Civil Rights Act of 1871 Rev Stat §1979- 42 USC §1983 provides in relevant part civil action for deprivation of rights; every person who under color of any statute, ordinance, regulation, custom or usage of any state ... that subjects or causes to be subjected by any citizen of the United States or any other person within the jurisdiction there of the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in actions at law suits in equity or other proper proceeding for redress.

22.) The Plaintiff has no plain adequate or complete or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants, unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII Prayer For Relief

Wherefore, the Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

23.) A declaration that the acts and omissions described herein violated the Plaintiff's rights under the Constitution and laws of the United States.

24.) A preliminary and permanent injunction ordering the Defendants Bryan Collier, Felipe Gonzalez Jr., Anthony Patrick Sr., Vicente Rodriguez to enjoin from enforcing its male grooming policy against the Plaintiff with respect to the rules preventing

Page 6

inmates from growing their hair without restriction in length and wearing it in a braid or loose. (b) Inter alia be treated fairly as the rest of the religions that TDCJ-CID serves in its units. (C) To expunge all negative disciplinary cases that concerned with the Plaintiffs religious rights. (d) restore any good time that was taken as a result of these issues. (E) reinstate the Plaintiff to a Native American unit in order for him to continue to his participation in the Plaintiffs rehabilitation to prepare him for reintegration in to society one day.

25.) Compensatory damages in the amount of $_____ against each defendant, jointly and severally.

26) Punitive damages in the amount of $_____ against each defendant.

27) A jury trial on all issues triable by jury.

28) Plaintiffs Cost in this Suit.

29) Any additional relief this court deems just, proper and equitable.

Dated 3 November 2020.
Respectively Submitted

Maga Usaolu = Sagonige Saloli
A/K/A Mark A Munoz Sr   TDCJ No 2058961
Eastham Unit
2665 Prison Rd One
Lovelady, Texas 75851

## VIII Verification

I have read the foregoing complaint and hereby verify that the matters alleged there in are true, except as to the matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Lovelady Texas on 3 Nov. 2020

_Maga Usaolu = Sagonige Saloli Aka Mark A Munoz Sr._

Maga Usaolu = Sagonige Saloli  A/K/A Mark A. Munoz Sr.
TDCJ-CID No. 2058961

Page 7

Mark A. Munoz SR # 20589 61
Maga ussolv = Sagoniae Saloli
Eastham Unit
2665 Prison Road One
Lovelady, Texas 75851

United States Courts
Southern District of Texas
FILED
NOV 19 2020
David J. Bradley, Clerk of Court

United States Courts
Southern District of Texas
FILED
NOV 19 2020
David J. Bradley, Clerk of Court

Clerk Of the Courts
The United States District Courts
For The Southern District of Texas
Houston Division
P.O. Box 61010
Houston, Texas 77208